IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBBIE NELSON | § | |
| Guardian ad Litem for KN, a minor, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | C. A. No. |
| DANIEL WILSON, individually, and as | § | |
| agent employee of the State of Delaware, | § | |
| and STATE OF DELAWARE | § | |
| DEPARTMENT OF SERVICES FOR | § | Jury Trial Demanded |
| CHILDREN, YOUTH, AND THEIR | § | |
| FAMILIES, DIVISION OF YOUTH | § | |
| REHABILITATIVE SERVICES, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

This court has original jurisdiction over this matter that is brought to redress the depravation of rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to 28 U.S.C. § 1331 and § 1343. The federal issues involved arise under 42 U.S.C. § 1983. This court has supplemental jurisdiction over all other claims asserted herein and that are related to those over which original jurisdiction is conferred and are part if the same controversy, pursuant 28 U.S.C. § 1367(a).

## PARTIES

1.      Plaintiff, Debbie Nelson ("Ms. Nelson"), is the guardian ad litem for KN and is a citizen of the State of Delaware. Her address is 1403 North Rodney Street, Apt B, Wilmington, DE 19806.

2.      Plaintiff, KN, is a citizen of the State of Delaware. His address is 1403 North Rodney Street, Apt B, Wilmington, DE 19806.

3.     Defendant, Daniel Wilson ("Defendant Wilson"), is an employee agent of the State of Delaware.

4.     Defendant State of Delaware Department of Services for Children, Youth and Their Families, Division of Youth Rehabilitative Services ("Defendant Department") is autonomous entity with the powers to sue and be sued. Defendant Department is the employer and principal of Defendant Daniel Wilson and is responsible for his training, supervision, and conduct which constitute actions of Defendant Department, carried out on its behalf in furtherance of its goals and directions.

## THE EMPLOYMENT RELATIONSHIP BETWEEN DEFENDANTS

5.     On July 7, 2007, the date that KN was assaulted by Defendant Wilson, Defendant Wilson was an employee and/or agent of Defendant Department and was acting on behalf of Defendant Department.

## THE ASSAULT OF KN

6.     On July 7, 2007, KN was incarcerated at the Stevenson Center a facility managed Defendant Department.

7.     Defendant Wilson entered the cell of KN and assaulted him by choking him around the neck.

8.     This was witnessed by Ms. Weldon who was holding the cell door open for Defendant Wilson.

## KN'S INJURIES

9.    As a result of the incident of July 7, 2007, at Defendant Department's facility, KN suffered severe emotional and mental injuries as well as the following physical injuries:

(a) Subconjuntual hemorrhages bilaterally
(b) Bruises to the left side of the neck
(c) Bruises to the left side of the scalp
(d) Damage to his jaw and neck
(e) Eye injuries

## COUNT I
### (§1983 Claims Against Defendant Wilson)

10.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 9 herein.

11.    On July 7, 2007, as aforementioned, Defendant Wilson, while acting as an agent of Defendant Department and acting under color of state law, assaulted KN without probable cause, and without reasonable belief that KN had committed crimes or some other action for which the assault was legal or appropriate.

12.    KN took no action which constituted an offense or provided any justification or reason for Defendant Wilson to touch KN's person.

13.    The acts of Defendant Wilson were done with the purpose and intent of depriving KN of his right to life and liberty without due process guaranteed by the 14th Amendment to the United States Constitution.

14.    The purported reason for the actions of Defendant Wilson is that KN acted in a manner that required restraint and is a pretext to execute or justify his illegal conduct.

15.     Defendant Wilson with the knowledge, agreement, and consent of employees and agents of Defendant Department has intentionally, willfully, maliciously, and with a reckless disregard of the truth created a version of the events of July 7, 2007 concerning KN which are not consistent with the actual occurrences in an attempt to blame KN for the Defendant's misconduct.

16.     As a result and proximate cause of the acts of Defendant Wilson who was acting individually and under color of law, KN:

(a) Suffered great significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation, and;

(b) Incurred medical expenses.


## COUNT II
### (§1983 Claim Against Defendant Department)

17.     Plaintiff herby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 herein.

18.     At all times relevant to the action, Defendant Wilson was an employee and/or agent of Department of Services for Children, Youth and Their Families, Division of Youth Rehabilitative Services and was acting for and on behalf of Defendant Department. Defendant Department knew or should have known, of actions of its employee whose actions were within the Defendant Department's supervision and control.

19.     Defendant Department showed a deliberate indifference to the well being and constitutional rights and welfare of KN.

20.     By acts and/or omission of Defendant Department, an atmosphere was created conducive to the aforesaid illegal and unconstitutional actions of Defendant Wilson and which demonstrated the complete disregard by Defendant Wilson of a risk known or which should have been known and deliberate indifference to the constitutional rights and welfare of Mr. Wilson.

21.     Defendant Department knew or should have known that Defendant Wilson together with other employees or agents of Defendant Department have created a version of the events of July 7, 2007 which is not consistent with the actual occurrences in order to cover up all the Defendant's misconduct.

22.     The acts of Defendant Wilson were pursuant to a custom or policy of Defendant Department which, as a result of the aforesaid acts and/or omissions of Defendant Department:

(a) Suffered great significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation, and;

(b) Incurred medical expenses.


**COUNT III**
**(§1983 Claim Against Defendant Department)**

23.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 herein.

24.     Defendant Department is the employer of Defendant Wilson and at all times relevant he was acting as the agent and/or employee and under its supervision and control.

5

25.    Defendant Department is responsible for the supervising and training of all of its employees and/or agents including Defendant Wilson.

26.    Defendant Department's negligent, intentional willful and/or wanton failure to adequately train and/or supervise its employees and/or agents, specifically Defendant Wilson, was the cause of the illegal and unconstitutional actions taken against KN by Defendant Wilson and constitutes illegal, unconstitutional actions and deliberate indifference to the welfare and constitutional rights of Mr. Wilson and others.

27.    As a direct and proximate result of the aforesaid actions, inactions and/or omissions by Defendant Department, KN:

(a) Suffered great significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation, and;

(b) Incurred medical expenses.


**COUNT IV**
**(State Law Assault Claim Against Defendant Wilson)**

28.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28.

29.    On July 7, 2007, Defendant Wilson was acting as an agent for Defendant Department.

30.    Defendant Wilson acting in the course of his agency as aforementioned, without justification or provocation, violently attacked KN by choking him.

31.    KN was unable to protect himself from the assault and excessive force used against him by Defendant Wilson, and was unarmed and did not, at any time, offer any resistance to Defendant Wilson.

32.     As a result of the violent, wrongful, unlawful, and intentional misconduct of Defendant Wilson, acting within the scope of his agency as aforementioned, KN suffered serious, permanent, disabling injuries including: subconjuntual hemorrhages bilaterally; bruises to the left side of the neck; bruises to the left side of the scalp; damage to his jaw and neck; and Arnold – Chiriai I Malformation.   WHEREFORE, Plaintiff KN demands judgment against Defendant Wilson holding Defendant Wilson liable to him.

## COUNT V
### (Intentional Infliction of Emotional Distress Claim Against Defendant Wilson)

33.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 33 herein.

34.     At all time relevant, Defendant Wilson was an agent and/or employee of Defendant Department.

35.     At all times relevant, Defendant Wilson was acting within the scope of his agency and/or employment.

36.     Defendant Wilson acting within the scope of his agency or employment as aforesaid, acted maliciously and with intent to cause Plaintiff mental distress and injury, and without any justification, instigated a course of events which caused the assault of KN and in fact caused him to suffer severe and permanent mental and emotional anguish and distress.

WEREFORE, Plaintiff KN demands judgment against Defendant Wilson, holding him liable for compensatory and punitive damages.

## COUNT VI
### (State Law *Prima Facie* Tort Claim Against

**Defendant Wilson)**

37.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 37 herein.

38.     Defendant Wilson, acting in the course of their employment and agency of Defendant Department committed a *prima facie* tort by intentionally, maliciously, and without justification harming KN by instigating a course of events which led to the illegal assault of KN.

39.     Defendant Wilson's intentional and malicious conduct was a proximate cause of KN's suffering, *inter alia*, mental and emotional distress and both temporary and permanent physical injuries rendering him liable for compensatory and punitive damages.

WHEREFORE, Plaintiff KN demands judgment against Defendant Wilson holding him liable for compensatory and punitive damages.

WHEREFORE, Plaintiffs demand judgment against all Defendants jointly and severally for compensatory and punitive damages, including costs and attorney fees pursuant to 42 U.S.C. § 1988, and such other relief as is just and appropriate as determined by a jury.

LEO J. BOYLE

Leo J. Boyle, Bar ID 1024
5197 W. Woodmill Drive, Suite 26
Woodmill Corporate Center
Wilmington DE 19808
(302)994 – 1300
ljboyle@verizon.net
Attorney for Plaintiffs

## <u>PLAINTIFF'S VERIFICATION</u>

I, the undersigned Plaintiff, do hereby verify that the information contained in the attached documents are true and correct to the best of my information, knowledge, and belief.

**DEBBIE NELSON** as Guardian ad Litem for
~~MANMWELL~~ KN

Wp51/clients/Nelson/Verfication Page

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Sussex**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Leo J. Boyle, Attorney at Law, 5197 W. Woodmill Drive, Suite 26, Woodmill Corporate Center, Wilmington, DE  19808  302-994-1300

Attorneys (If Known)
Attorney General of Delaware
James Maxwell, Deputy Attorney General

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1331 & 1343
Brief description of cause:
Employee assaulted minor.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$125,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE **6/18/08**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____