IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBBIE NELSON, Guardian ad Litem,      )
for KN, a minor,                        )
                                        )
              Plaintiffs,               )
                                        )
      v.                                )        Civil Action No. 08-369 (GMS)
                                        )
DANIEL WILSON, et al.,                  )
                                        )
              Defendants.               )

## MEMORANDUM

### I.     INTRODUCTION

On June 19, 2008, plaintiff Debbie Nelson filed this action against Daniel Wilson

("Wilson"), both individually and as an employee of the State of Delaware, and the State of

Delaware Department of Services for Children, Youth and their Families, Division of Youth

Rehabilitative Services ("DYRS").  Debbie Nelson filed the suit as guardian ad litem for KN, a

minor formerly detained at the William Marion Stevenson House Detention Center ("Stevenson

House"), a facility within the DYRS where Wilson worked.  Presently before the court are motions

for summary judgment filed by Wilson (D.I. 57) and DYRS (D.I. 60), as well as KN's motion to

amend (D.I. 67).  For the reasons stated below, the court will grant the motion to amend; grant

DYRS's motion for summary judgment; and deny Wilson's motion for summary judgment.

### II.    FACTUAL BACKGROUND

KN was incarcerated at Stevenson House beginning in June 2006.  According to KN, on July

5, 2006, he was in his cell and, at some point during the evening, began banging on the door of his

cell with a chair.[1]  (D.I. 58 at 2; Dep. at 20:22-24.)[2]  Wilson then entered KN's cell and asked KN

to hand him the chair.  The parties dispute the sequence of events that follow, but at some point

Wilson placed KN in a restraining hold, and KN wound up face down on his cell floor under

Wilson's restraint.  (D.I. 58 at 2-3; Dep. at 21:22 to 22:1.)

The record evidence establishes that on July 6, 2006, the day after the first incident, another

incident occurred where KN "took a swing" at Wilson while Wilson was escorting him to the

shower.  (D.I. 58 at 3; Dep. at 41:18-22.)  Again the parties dispute the sequence of events, but the

record establishes that Wilson avoided KN's swing and again restrained him.

KN filed his complaint in the above-captioned action through his guardian ad litem, Debbie

Nelson, on June 19, 2008.  The original complaint includes the following:

> 6.     On *July 7, 2007*, KN was incarcerated at the Stevenson Center . . . .
>
> 7.     Defendant Wilson entered the cell of KN and assaulted him by
>        choking him around the neck.
>
> 8.     This was witnessed by Ms. Weldon, who was holding the cell door
>        open for Defendant Wilson.
>
>                              ************
>
> 9.     As a result of the incident of *July 7, 2007* at Defendant Department's
>        facility, KN suffered severe emotional and mental injuries as well as
>        the following physical injuries . . . .

(D.I. 1 at ¶¶ 6-9 (emphasis added).)  The complaint does not include any additional information

about the underlying events that occurred on July 5 and July 6.

_____

[1] KN stated in his deposition that he needed to use the restroom, and banged on the door -
first with his fists and later with the chair - in order to get the attention of the house staff.

[2] References to "Dep." refer to the deposition of plaintiff KN taken on April 16, 2009.
The transcript of the deposition is reprinted in its entirety at D.I. 59 Ex. A (sealed).

On July 7, 2006, KN reported to a nurse at Stevenson House after waking up with bloodshot eyes. (Dep. at 40.) After the nurse examined KN, he was transported to an ophthalmologist. (Id. at 56.) On July 8, 2006, KN was transported to New Castle County for an appearance in court, and then was taken to New Castle County Detention Center; KN never again returned to Stevenson House. (Id. at 57-58.)

## III.    STANDARD OF REVIEW

### A.    Motion to Amend

Federal Rule of Civil Procedure 15 permits a party to amend a pleading with consent of the other parties or leave of court at anytime during the proceedings. The rule further provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, the defendants allege that KN's amendment would be futile. The court treats a futility challenge like a motion to dismiss pursuant to Rule 12(b)(6). *Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 646 F. Supp. 118, 120 (D. Del. 1986). The court, therefore, accepts all well pleaded facts in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89 (2007).

### B.    Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the court may grant summary judgment only if the moving party shows that there

3

are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit. *Id.* at 247-48. An issue is "genuine" if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* at 249.

The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In addition, the court views the evidence in the light most favorable to the nonmoving party, with all doubts resolved against entry of summary judgment. *See Blackburn v. United Parcel Serv , Inc.*, 179 F.3d 81, 91 (3d Cir. 1999). Summary judgment is particularly appropriate where the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor. *See Donald M. Durkin Contracting, Inc. v. City of Newark*, No. 04-163-GMS, 2006 U.S. Dist. LEXIS 68221, at \*12 (D. Del. Sept. 22, 2006).

## IV.  DISCUSSION

### A.  Motion to Amend

KN seeks to file an amended complaint that would amend the original complaint in three ways. The first purpose is to correct three typographical errors that appear in the introduction and paragraphs 6 and 39 of the original complaint;[3] the second purpose is to correct and clarify the dates on which the incidents at issue in this case occurred; and the third purpose is to amend the complaint

---

[3] Specifically, the amended complaint would correct the spelling of "deprivation" in the introduction to the complaint; insert the word "by" in paragraph 6; and change the word "their" to "his" in paragraph 39.

4

so that it alleges and distinguishes between two separate incidents that occurred at Stevenson House.[4] The defendants do not appear to challenge the first set of amendments, but do challenge the second and third sets of amendments.

The second and third sets of amendments are somewhat interrelated, because both sets would amend dates that appear in the original complaint. The original complaint identifies July 7, 2007 as the date of the events at issue in this case. As the defendants note, this date is incorrect, since KN was no longer incarcerated at Stevenson House on July 7, 2007. (*See* D.I. 58 at 7; Dep. at 191:9-11.) KN seeks to amend the complaint so that it reflects the actual date of the incident described in paragraph 7 of the original complaint - July 5, 2006 (hereinafter "the first incident"). In their joint reply to the motion to amend, the defendants do not object to amending the complaint so that it reflects an incident date of July 5, 2006 instead of July 7, 2007.[5]

KN also wishes to amend the complaint to allege facts concerning an incident he claims occurred at Stevenson House on July 6, 2006 (hereinafter "the second incident"). Specifically, KN moves to amend the complaint to add a new paragraph 9 that would read as follows:

> 9.     On July 6, 2006, Defendant Wilson, while escorting KN to the shower facilities, assaulted KN by choking him around the neck.

In explaining the need for this amendment, KN indicates in his brief in support of his motion to amend that "plaintiff KN was ignorant of certain relevant facts that are important to enable plaintiff KN to maintain plaintiff's complaint." (D.I. 67 ¶ 2.) In his reply brief, KN further states that he

---

[4] With respect to the second and third sets of amendments. KN states in his reply brief that the "Motion to Amend seeks to amend the Complaint to clarify the dates and the two separate incidents." (D.I. 70 at 1.)

[5] *See* D.I. 69 at 2 n.3 ("Defendants do not object to Plaintiff's amendment of the date in the Complaint from July 7, 2007 to July 5, 2006.").

only "became aware of the discrepancy between the dates contained within the Complaint during discovery." (D.I. 70 at 5.)

The defendants oppose the addition of averments to the complaint relating to the second incident. They argue that KN's motion should be denied because he unduly delayed its filing. Specifically, the defendants' contend that the facts underlying the second incident were known to KN and his attorney at the time the original complaint was filed. They also point out that KN did not move to amend his complaint until August 11, 2009 - nearly six months after the deadline for amending pleadings, almost a month and a half after the close of discovery (June 30, 2009), and two weeks after the defendants filed their motions for summary judgment. (*See* D.I. 43, D.I. 56, D.I. 57.) Finally, the defendants note that KN's motion provides no justification for this delay beyond the claim that "KN was ignorant" of these facts at the time the complaint was filed. (D.I. 67 ¶ 2)

As just noted, the defendants point out that the parties have proceeded through discovery to the dispositive motions phase based upon an initial pleading that complained of only one incident, the first. The defendants correctly note that KN himself was present at the time of both the first and second incidents, and that KN acknowledged during his deposition that he told his mother, Debbie Nelson, about the facts of both incidents within a week after they occurred. (*See* D.I. 69 at 7-8.) Consequently, the defendants assert that both KN and his mother had all the facts necessary to put the defendants on notice as to his contentions concerning the events of July 6, the second incident. KN concedes that documents relating to both incidents were produced to his counsel in March. (D.I. 70 at 3.) KN's reply brief states only that the "[d]efendants were in control of documentation confirming that there were two separate incidents and did not produce them until March 24, 2009." (Id.) This would appear to be an accurate assertion, but this fact does not explain why KN did not

6

seek to amend his pleadings until after discovery closed and the defendants' summary judgment motions were filed. The facts thus would seem to militate against granting KN's motion.

The court notes, however, Rule 15's directive that courts should freely give leave to amend prescribes a liberal standard for reviewing such requests. Further, the directive that the requirements of justice must inform the courts' exercise of their discretion in this regard implies consideration of a broad range of factors; among them, whether the non-moving party would suffer under prejudice if leave to amend is granted. *See, e.g.*, USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004). In this case, the court does not believe that the defendants would suffer undue prejudice if KN's motion to amend were granted. Specifically, during KN's deposition, Wilson's counsel questioned KN extensively regarding both the events of the second incident and the injuries arising from that incident. (*See* Dep. at 41-45.) Furthermore, the record before the court establishes that KN was examined by a physician concerning his injuries only after the conclusion of both incidents.[6] Finally, as acknowledged by the defendant Wilson during the January 25, 2010 final pretrial conference, the defendants were in control of the documents related to the events in question, and conducted discovery with both incidents in mind. Under these circumstances, the court concludes the defendants will not be unduly prejudiced by the granting of KN's proposed amendment, and that allowing KN to amend his complaint is in the interests of justice. Therefore, the court will grant KN's motion to amend.

## B.    DYRS's Motion for Summary Judgment

---

[6] During the January 25, 2010 pretrial conference, Wilson's counsel expressed concern that because the original complaint only alleged the facts of the first incident, the defense's medical expert did not fully address the injuries that arose from the second incident in his expert report and was not prepared to testify regarding those injuries. The court is mindful of these concerns, and will grant Wilson's medical expert leave to file a supplemental expert report.

7

Counts II and III of KN's complaint consist solely of § 1983 suits against DYRS, a state agency. DYRS asserts that it is not a "person" subject to suit under § 1983, citing *Will v. Michigan Dept. Of State Police*, 491 U.S. 58 (1989). The *Will* court resolved a circuit split on the issue of state liability under § 1983 by unambiguously holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. KN asserts that DYRS "could be interpreted to be a 'person' subject to suit under" § 1983, but does not cite any source for this assertion. KN does note that *Will* has received some negative treatment in subsequent Supreme Court cases with respect to suits against state *officials*, but no subsequent case has overruled *Will's* holding concerning § 1983 suits against states and state agencies. The court therefore will grant DYRS's motion and dismiss counts II and III in their entirety. Since counts II and III were the only claims asserted against DYRS, the court will dismiss DYRS from this case.

### C.    Wilson's Motion for Summary Judgment

Wilson asserts two grounds for summary judgment: First, that KN failed to exhaust all administrative remedies; and second, that KN admitted during his deposition that most of the injuries alleged in the complaint were not the result of the July 5 incident.

### 1.    Exhaustion of Administrative Remedies

As to the first ground, the Prisoner Litigation Reform Act ("PLRA") requires that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The burden of proving that a plaintiff failed to exhaust available administrative remedies falls on the defendant, who must prove both that there were administrative remedies available to the plaintiff and that the plaintiff did not

8

exhaust those available remedies. *See, e.g.*, *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

In this case, Wilson asserts that KN "made no effort to avail himself of the administrative grievance process available to him . . . . Plaintiff previously filed grievances and, therefore, knew the process and procedures that were available to him." (D.I. 58 at 6.) KN notes that he was transferred to another correctional facility within days after the events in question. (D.I. 65 at 6.) Consequently, KN "thought that i[t] would be of no consequence to file a grievance at the new facility because Defendant Wilson did not work there."[7] (Id.) KN also notes that he was a minor under 18 at the time of the events in question, and that "he did not feel like his grievances were listened to in the minor incidents which ha[d] previously occurred." (Id. at 6-7) Under these circumstances, KN argues, the mere fact that KN did not file a grievance "does not prove that administrative remedies were available to him." (D.I. 65 at 5-6.)

The court finds that Wilson has not met his burden of establishing that KN failed to exhaust administrative remedies that were available to him because Wilson has not established that the grievance process was available to former inmates of Stevenson House. Wilson makes no mention of KN's departure from Stevenson House in either of the briefs in support of his motion for summary judgment. If, as KN asserts, KN was transferred out of Stevenson House within days after the incident, the Stevenson House grievance process that Wilson cites as the basis for his exhaustion argument may no longer have been available to KN. Under these circumstances, the court will not grant summary judgment for failure to exhaust based only on the fact that KN did not take advantage

---

[7] When asked in his deposition why he did not file a written complaint against Wilson, KN responded: "Because I wasn't there long enough to do it." Dep. at 172:20-24. He later stated: "At Stevenson House I wasn't there long enough to file a complaint and at New Castle County [the detention center to which KN was transferred], I couldn't file a complaint because he don't work there." *Id.* 173:12-15.

of a grievance process that may only have been available to current inmates.

    2.     Extent of KN's Injuries Arising from the First Incident

Wilson also argues that the court should dismiss KN's claims against him because, according to Wilson, KN admitted in his deposition that he did not sustain most of his injuries during the first incident in question. However, Wilson himself cites to portions of KN's deposition where KN testified that a bruise on his neck and a red dot in one eye were injuries that he sustained during the first incident. Furthermore, for the reasons stated above, the court is granting KN's motion to amend the complaint so that it alleges the fact of the second incident as well as the first, and KN claims that he sustained additional injuries in connection with the second incident. Since material facts remain in dispute concerning the origin and extent of KN's injuries arising from these incidents, the court will deny Wilson's motion for summary judgment.

## V.    CONCLUSION

For the aforementioned reasons, the court will grant KN's motion to amend, grant DYRS's motion for summary judgment, and deny Wilson's motion for summary judgment.

Dated: January 27, 2010

                                  CHIEF, UNITED STATES DISTRICT JUDGE

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBBIE NELSON, Guardian ad Litem,        )
for KN, a minor,                          )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )    Civil Action No. 08-369 (GMS)
                                          )
DANIEL WILSON, et al.,                    )
                                          )
          Defendants.                     )

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.   Defendant Wilson's Motion for Summary Judgment (D.I. 57) is DENIED.

2.   Defendant DYRS's Motion for Summary Judgment (D.I. 60) is GRANTED.
     Defendant DYRS is dismissed from this case.

3.   The plaintiff's motion to amend (D.I. 67) is GRANTED.

Dated: January 27 2010

CHIEF, UNITED STATES DISTRICT JUDGE